[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR ARTICULATION
On August 5, 1998, this court rendered a memorandum of decision in which it entered a judgment of dissolution of the marriage and other orders in the above-captioned matter.
In that decision, the court ordered that the plaintiff pay to the defendant periodic alimony and further ordered that the personal property of the parties be divided in a specific manner.
By her Motion for Articulation dated September 11, 1998, the defendant brought to the court's attention the fact that certain of those orders were silent as to the date upon which they were to become effective.
To address that oversight, the court enters the following more specific orders. It should be noted that the following orders are a result of the findings made based upon the evidence and testimony at trial but not previously articulated by the court. They are not modifications or corrections of the orders contained in the memorandum of August 5, 1998. No post-trial facts have been considered in the determination and articulation of the following orders. CT Page 11793
1. As set forth in the memorandum of decision, the plaintiff is to pay to the defendant as periodic alimony the sum of $75.00 per week effective upon the date of the judgment — August 5,
2. As set forth in the memorandum of decision, effective uponthe date of judgment — August 5, 1998, the parties shall share equally the following personal property:
a.. Eagle Federal Certificate of Deposit;
b. Webster Bank checking account;
c. Webster Bank stock;
d. United States savings bonds.
3. As set forth in the memorandum of decision, effective uponthe date of judgment — August 5, 1998, the defendant is awarded twenty-five (25%) percent of the plaintiff's City of Waterbury pension.
By the Court,
Joseph W. Doherty Judge